# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TREVOR REVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-00918-SEP |
| MURPHY'S LOGISTICS, LLC, et al. | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Trevor Revis's Motion to Remand.  Doc. [24].  The motion is fully briefed and ready for disposition.  *See* Docs. [25], [27], [29].  For the reasons set forth below, the motion is granted.

### FACTS AND BACKGROUND

Revis originally filed this action in the Circuit Court of Franklin County, Missouri, against his former employer, Murphy's Logistics, LLC, on May 4, 2022.  Doc [1-1] at 15-18.  This action arises from a February 2022 motor vehicle accident that allegedly occurred while he was performing delivery services for Murphy's.  *Id.* ¶¶ 7-11.  Revis alleged that Murphy's had provided him with the car he was driving at the time of the accident and that the car did not have safety features that would have made it safe to drive in icy conditions.  *Id.* ¶ 9.  The car lost control on an icy road, crashed into a median, and was struck head-on by a tractor-trailer. *Id.* ¶¶ 10, 11.  Revis alleged that he sustained serious injuries as a result of Murphy's negligent failure to provide a car that was safe to drive in icy conditions, despite requiring that he perform delivery services in those unsafe conditions.  *Id.* ¶¶ 11, 13, 14.  On May 12, 2022, Revis amended the complaint to add as defendants the driver of the tractor-trailer, Keala Kilaulani, and her employer, Beyond Freight, Inc. (Beyond Freight).[1]  *Id.* at 27-28.

In May 2024, Revis filed a consent motion to amend the petition to add Coyote Logistics, LLC (Coyote) as a defendant.  *Id.* at 384.  He explained that, during discovery, he had learned that Coyote was the carrier of the load Kilaulani was driving on the day of the accident.  *Id.*  The state court granted the motion to amend, and Revis filed his second amended petition on May 21,

---

[1] Revis also added NT Solutions, Inc., as a defendant, but he voluntarily dismissed his claims against NT Solutions, Inc., in May 2024.  Doc. [1-1] at 380.

2024. *Id.* at 2, 386-409. In the second amended petition, Revis reasserted his claim of negligence against Murphy's (Count I) and brought claims of negligence against Kilaulani (Count II); employer liability against Beyond Freight (Count III); agency liability against Coyote (Count IV); negligence per se against Kilaulani, Beyond Freight, and Coyote (Count V); independent negligence against Beyond Freight and Coyote (Count VI); vicarious liability and negligence against Beyond Freight and Coyote (Count VII); "Damages Caused by Violations of Federal Motor Carrier Safety Rules (FMCSR)" against Beyond Freight and Coyote (Count VIII); and joint venture against Kilaulani, Beyond Freight, and Coyote (Count IX). *Id.* at 386, 394-408.

Coyote filed a timely notice of removal (NOR), invoking both diversity jurisdiction and federal question jurisdiction. Doc. [1]. The NOR asserts that the amount in controversy exceeds $75,000 and that Revis is a citizen of Missouri, Kilaulani is a citizen of Texas, Beyond Freight is a citizen of Illinois, Coyote is a citizen of Delaware, and Murphy's is a citizen of Missouri. *Id.* ¶¶ 9, 12-21. Coyote argues that removal is proper because Revis had not served Murphy's with the second amended petition and, therefore, the forum-defendant rule does not apply. *Id.* ¶¶ 23, 24. Coyote contends that the second amended petition raises issues of federal law because Revis alleged that he sustained damages as a result of Defendants' negligent violation of the FMCSR in Count VIII. *Id.* ¶¶ 26-28. Coyote acknowledges that more than one year has passed since the commencement of the action, but it claims that removal is timely pursuant to the bad-faith exception to 28 U.S.C. § 1446(c)(1)'s one-year limitation on removal because Plaintiff has not actively litigated against Murphy's and has not sought a default judgment against Murphy's during the two years after the original petition was filed. *Id.* ¶¶ 31-34.

Plaintiff timely moves to remand this case to state court. Docs. [24], [25]. He argues that this Court lacks diversity jurisdiction because Murphy's was properly joined and served, and he and Murphy's are both citizens of Missouri. Doc. [25] at 5-9. He maintains that the second amended petition does not raise issues of federal law because Count VIII is a negligence claim that cites the FMCSR only to define the scope of the duty owed by Defendants. *Id.* at 9-10. And he argues that, pursuant to § 1446(c)(1), removal is not timely because more than one year has passed since the original petition was filed, and Murphy's was not joined in bad faith. *Id.* at 10-11.

Coyote opposes the motion to remand, arguing that—although Murphy's was properly served with the original petition and has been in default for failing to file a responsive

2

pleading—Plaintiff was required to serve Murphy's with the second amended petition because it increased the amount of damages sought.  Doc. [27] at 2-5 (citing Mo. Sup. Ct. R. 43.01(a) ("No service need be made on parties in default for failure to appear, except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons.")).  Coyote reiterates its contentions that the bad-faith exception to § 1446(c)(1)'s one-year time limit applies and that the second amended petition raises a federal question.  Doc. [27] at 5-14.

Revis replies that an increased amount of damages for additional medical bills incurred since the filing of the amended petition is not a new or additional claim under Rule 43.01(a) because the Missouri Supreme Court has established that the prayer for relief is not part of the cause of action.  Doc. [29] at 2-6.  Even if Coyote's snap removal were relevant, Plaintiff contends, Murphy's was served with a copy of the second amended complaint on August 1.  *Id.* at 6 (citing Doc. [28]).  He urges this Court to adopt the bad-faith standard outlined in *H&B Ventures, LLC v. State Auto Prop. and Cas. Ins. Co.*, 686 F. Supp. 3d 846, 851 (E.D. Mo 2023), and argues that the bad-faith exception does not apply here because he has not dismissed Murphy's as a defendant, his claim against Murphy's has merit, and the only reason that he has not actively litigated against Murphy's is that Murphy's has never responded to the suit and is in default.  Doc. [29] at 7-10.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  A claim may be removed to federal court only if it could have been brought there originally.  *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996).

The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  "The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence."  *In re Prempro Prods. Liab. Litig.*, 591 F.3d at

3

620.  "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

## DISCUSSION

Coyote argues that this Court has both federal question jurisdiction and diversity jurisdiction.  The Court will consider each asserted basis for its jurisdiction in turn.

**I.**     **Coyote fails to establish federal question jurisdiction.**

Federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Whether a claim "arises under" federal law depends on the contents of the well-pleaded complaint.  *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).  "Because the well-pleaded complaint rule 'makes the plaintiff the master of the claim[, a plaintiff] may avoid federal question jurisdiction by exclusive reliance on state law.'"  *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  Defendants are "not permitted to inject a federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law."  *Id*. (quoting *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000)).

Although Coyote argues that this Court has "arising under" jurisdiction because Revis alleges in Count VIII that he sustained damages as a result of Defendants' negligent violations of the FMCSR, none of the cases it cites supports that contention.  *See* Doc. [27] at 10-14.  Courts in this district and others within the Eighth Circuit have rejected such arguments.  *See Brown v. Powers*, 2024 WL 4370845, at *3 (E.D. Mo. Oct. 2, 2024) (collecting cases concluding that the FMCSR does not create a private right of action and that a negligence-per-se claim based on violations of the FMCSR does not invoke a substantial question of federal law); *Hicks v. New Millennium Bldg. Sys., LLC*, 2024 WL 4234995, at *4 (D. Minn. Sept. 17, 2024) (collecting cases finding no federal question jurisdiction over state-law negligence claims based on allegations that defendants violated duties imposed by the FMCSR); *G.R. ex rel. Joyce v. Union Pac. R. Co.*, 2009 WL 3248213, at *4 (E.D. Mo. Oct. 6, 2009) (concluding that plaintiffs' negligence and negligence-per-se claims, which contained allegations that defendants failed to comply with the FMCSR, did not create substantial questions of federal law that would confer

federal jurisdiction). This Court likewise finds that Count VIII does not invoke a substantial question of federal law by alleging that Defendants negligently violated the FMCSR. Like *Hejnal v. U.S. Xpress, Inc.*, which Coyote itself cites in support of its "arising under" argument, "plaintiff's complaint does not attempt to state a claim for relief under the FMSCR. . . . Rather, plaintiff's complaint merely alleges possible violations of federal regulations as an element of state law causes of action." 2018 WL 534376, at *7 (E.D. Mo. Jan. 24, 2018). Coyote seeks to "inject a federal question into" Plaintiff's "otherwise state-law claim." *See Cent. Iowa Power Co-op.*, 561 F.3d at 912. Because it is undisputed that the rest of Plaintiff's claims are brought under state law, Coyote's attempt to establish federal question jurisdiction fails.

**II.     Coyote fails to establish diversity jurisdiction.**

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). In evaluating diversity, federal courts consider the citizenship of all of the defendants named in the complaint. *Cagle v. NHC Healthcare-Maryland Heights, LLC*, 78 F.4th 1061, 1065 (8th Cir. 2023) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)). Whether all of the named parties have been served with process is irrelevant when evaluating diversity of citizenship. *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160-61 (8th Cir. 1981). *If complete diversity exists*, then 28 U.S.C. § 1441(b)(2) imposes the additional requirement that none of the "parties in interest properly joined and served as defendants" may be citizens of the forum state. *Cagle*, 78 F.4th at 1065. Thus, "to remove a suit from state court to federal court based on diversity jurisdiction, there must be complete diversity between all named plaintiffs and all named defendants, *and* no 'properly joined and served' defendant can be a citizen of the forum state." *Id.* (emphasis added) (citing *Lincoln Prop.*, 546 U.S. at 84).

Coyote argues at length that Murphy's citizenship should be disregarded for diversity purposes because it filed the NOR before Revis was able to serve Murphy's with the second amended petition, in a practice commonly referred to as "snap removal." That argument is misplaced. *See Pecherski*, 636 F.2d at 1160-61; Doc. [27] at 2-5. "A snap removal . . . arguably allows a defendant to satisfy the additional requirement of § 1441(b)(2) that no 'properly joined and served' defendant is a citizen of the forum State. *Cagle*, 78 F.4th at 1066. "But snap removal does not cure a lack of complete diversity among the named parties." *Id*. Here, Coyote admits that Revis and Murphy's are both Missouri citizens, which means that the parties are not

5

completely diverse.  *See OnePoint Sols.*, 486 F.3d at 346; Doc. [1] ¶¶ 17, 21.  Coyote's snap removal does not cure that defect.  *See Cagle*, 78 F.4th at 1066.  Thus, this Court lacks diversity jurisdiction over this action.

Coyote's argument that the NOR is timely because Plaintiff acted in bad faith to prevent removal is likewise beside the point.  *See* Doc. [27] at 5-10.  In general, "if the case stated by the initial pleading is not removable," a defendant may remove a case within 30 days after it becomes removable.  28 U.S.C. § 1446(b)(3).  But such a case may not be removed on the basis of diversity jurisdiction "more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  28 U.S.C. § 1446(c)(1).  Because the parties to this matter are no more diverse now than they were at its initial filing, § 1446(c)(1)'s one-year limitation and the bad-faith exception thereto are irrelevant.  *See id.*

Because Coyote has not met its burden of establishing federal jurisdiction, the Court must remand this case to state court.  *See* 28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Trevor Revis's Motion to Remand, Doc. [24], is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of Franklin County, Missouri.

**IT IS FINALLY ORDERED** that Defendant Coyote's Motion to Dismiss the Second Amended Complaint, Doc. [6], and Defendants Beyond Freight's and Kilaulani's Motion to Dismiss or, in the Alternative, Motion to Strike Certain Allegations in Plaintiff's Second Amended Petition, Doc. [11], are **DENIED as moot** in light of the Court's lack of jurisdiction.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 22nd day of October, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE